

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00191-CR

LUIS ALBERTO RAMIREZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

-----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

----------

Appellant Luis Alberto Ramirez challenges the sufficiency of the evidence to support his convictions for aggravated sexual assault. We affirm.

Appellant was tried before a jury on four counts of aggravated sexual assault of a child. After both sides had rested and closed, the State waived two counts and the jury convicted Appellant of the remaining two. Specifically, the jury found that in Tarrant County, Texas (1) on or about October 15, 2008, Appellant intentionally or knowingly caused the sexual organ of A.R., a child

---

[1]*See* Tex. R. App. P. 47.4.

younger than fourteen years of age who was not Appellant's spouse, to contact his sexual organ; and (2) on or about October 10, 2008, Appellant intentionally or knowingly caused A.R.'s sexual organ to contact Appellant's mouth. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2010). Appellant elected to have the trial court assess his punishment, and the trial court sentenced him to twenty-five years' confinement on each count, to run concurrently.

On appeal, Appellant contends that the evidence is legally and factually insufficient to support the jury's verdicts. Because the court of criminal appeals has recently overruled *Clewis*, we review all sufficiency of the evidence claims under the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App.1996)). Using that standard, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2789; *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

At trial, A.R. testified that Appellant, who was her father's cousin, came to live with her and her family when she was twelve or thirteen years old. She also testified that sometime before he moved in with them he had taken her to a run-down trailer where he pulled down her shorts and put his mouth on her private parts. She further testified that at the end of August 2008, after he had moved in, he took her to the Valley View Motel and had sex with her. Specifically, she testified that, while at the motel, Appellant "put his middle part into mine" and that

he put his mouth on her female sexual organ. She also testified that he used a condom, which he told her "broke." The State introduced in evidence a registration card from the Valley View Motel in Tarrant County, Texas, showing that a "Ramirez, Luis Alberto" had rented room number five on August 31, 2008.

A.R. further testified that more than once Appellant had sexual intercourse and oral sex with her at her home in Mansfield—sometimes in her room while her younger sisters were sleeping, and sometimes in the living room.

A.R. testified that she eventually became pregnant and that Appellant had obtained some pregnancy tests and told her how to take them.

After her mother discovered that A.R. was pregnant, A.R. told her that she believed Appellant was the father. Appellant and A.R.'s mother took her to an abortion clinic in Dallas where the pregnancy was terminated.

A.R. testified that Appellant was the father of the baby and that there was no possibility that anyone else was. She also testified that Appellant moved out of her family's house after the abortion and that all of the sexual acts he perpetrated on her occurred before she turned fourteen.

A.R.'s mother, Clara Luna Garcia Ramirez, testified that after she discovered A.R. was pregnant, Appellant admitted that he had sexually assaulted and impregnated her. Clara further testified that she and Appellant took A.R. to an abortion clinic and that Appellant paid for the abortion.

Texas Department of Child and Family Protective Services Investigator Joy Hallum testified that she spoke with Appellant on the telephone about the allegations and that Appellant admitted that he had sexual relations with A.R.

3

Specifically, Hallum testified that, "[H]e admitted to me that, yes, he had had a sexual relationship with her and that he wouldn't deny that."

Fort Worth Police Detective Michael Coursey testified that Appellant admitted to him during a telephone conversation that he had sexually abused A.R. Specifically, the detective testified: "Well, I told him what the -- -- what the investigation was about, that [A.R.] had said they had had sexual intercourse and that had resulted in her being pregnant. And -- -- and I -- -- and in my report I put in quotes exactly what he told me. He said, 'I'm not going to lie to you, yes, what she said.'"

The jury's verdicts are supported by A.R.'s testimony describing the sexual assaults by Appellant and her resulting pregnancy. The verdicts are further supported by not one, not two, but three separate admissions of guilt by Appellant. Under the appropriate standard of review, the evidence is sufficient to uphold Appellant's conviction on both counts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Poindexter*, 153 S.W.3d at 405. Accordingly, we overrule Appellant's sole point and affirm the judgment.

                                        LEE GABRIEL
                                        JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 27, 2011